UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED CORGAN AND
JENNIFER CORGAN
        Plaintiffs,

                      No. 1:09-cv-939

-v-

                      HONORABLE PAUL L. MALONEY

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND
DECISION ONE MORTGAGE COMPANY, LLC,
        Defendants.

## ORDER FOR DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION

Ted and Jennifer Corgan (Plaintiffs) sued Defendants Mortgage Electronic Registration Systems (MERS) and Decision One Mortgage Company (Decision One) (collectively "Defendants") in Michigan state court. Defendants filed a notice of removal, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. For the reasons provided below, this court concludes Defendants have not presented sufficient evidence to support diversity jurisdiction necessary for removal.

Federal courts have an obligation to review subject matter jurisdiction and must raise the issue *sua sponte* when it has jurisdiction concerns. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)). Defendants may remove cases to federal court on the basis of diversity and federal-question jurisdiction. 28 U.S.C. § 1441. In order to properly remove an action to federal court on the basis of diversity jurisdiction, complete diversity must exist between the identified parties. *See Curry*, 462 F.3d at 539 (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). "'Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state.'" *Id.* at 540 (quoting *Jerome-Duncan*, 176 F.3d at 907).

From the facts pled in the complaint and the notice of removal, the court cannot be confident that complete diversity exists. *See generally Leys v. Lowe's Home Centers, Inc.*, 601 F.Supp.2d 908, 911-914 (W.D. Mich. 2009) (Maloney, C.J.). For the purpose of determining the propriety of removal and diversity jurisdiction, a limited liability company has the citizenship of its members. *Homfeld II. LLC v. Comair Holdings, Inc.*, 53 F.App'x 731, 732 (6h Cir. 2002) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) and *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). The complaint alleges Defendant Decision One "had a principal place of business at 3780 SEVEN MILE ROAD, STE 350, LIVONIA, MI 48152 and conducted business in the State of Michigan." (Compl. ¶ 2.) The complaint further alleges "[i]n September 2007, HSBC Finance Corporation closed Defendant DECISION ONE MORTGAGE COMPANY, LLC as being no longer sustainable." (Compl. ¶ 6.) In the notice of removal, Defendants do not identify Decision One's citizenship. Defendants assert only that "Plaintiff[s are] domiciled in Michigan and the Defendants are not." (Notice of Removal ¶ 6.) Neither the complaint nor the notice of removal is sufficient for determining Decision One's citizenship for the purpose of invoking this court's diversity jurisdiction.

Accordingly, no later than twenty-eight (28) days from the date of this order, Defendants **SHALL FILE** competent, specific evidence showing why this case should not be remanded to the Ottawa County Circuit Court pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction . **IT IS SO ORDERED.**

Date:  October 20, 2009  /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge