UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED CORGAN and JENNIFER CORGAN,

    Plaintiffs,

v.

Case No. 1:09-cv-939
CONSENT CASE

DEUTSCHE BANK NATIONAL TRUST COMPANY
As Trustee under Pooling and Servicing Agreement
dated June 1, 2006, Morgan Stanley ABS Capital 1 Inc.
Trust 2006 HE5 Mortgage Pass-Through Certificates
Series 2006 HE5,

    Defendant.
_____/

## OPINION

    Plaintiffs Ted and Jennifer Corgan filed this complaint in the Ottawa County Circuit Court against defendants Mortgage Electronic Registration Systems (MERS) and Decision One Mortgage Company, LLC. Plaintiffs allege that the foreclosure on plaintiff's real property was improper. Plaintiffs' complaint asserts that Decision One Mortgage Company was closed by its parent company HSBC Finance Corporation and plaintiff's loan had been securitized to Deutsche Bank. On January 20, 2009, a sheriff's sale notice was placed on plaintiffs' front door stating that MERS was foreclosing as a nominee for Defendant Decision One Mortgage, LLC. Plaintiffs claim that defendant Decision One Mortgage, LLC, was not the owner of the mortgage note and did not have standing to foreclose on plaintiffs' property. Plaintiffs claim that MERS, as nominee for Decision One Mortgage, LLC, lacked standing to foreclose.

    By stipulation and order, defendants Mortgage Electronic Registration Systems, Inc., and Decision One Mortgage Company, LLC, were dismissed as parties to this case and replaced by

defendant Deutsche Bank National Trust Company, as Trustee, under Pooling and Servicing Agreement dated as of June 1, 2006, Morgan Stanley ABS Capital 1 Inc., Trust 2006 HE5 Mortgage Pass-Through Certificates Series 2006 HE5 (Deutsche).

Presently before the Court is defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have filed a response and the matter is ready for decision. Because the parties have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff entered into a loan agreement with Decision One Mortgage Company on April 24, 2006. The executed note named Ted R. Corgan "Borrower," Decision One Mortgage Company, LLC, "Lender," and Mortgage Electronic Registration Systems, Inc., "Mortagee." The mortgage states that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." The mortgage further states:

> TRANSFER OF RIGHTS IN THE PROPERTY
>
> This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of Ottawa. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

The mortgage note was transferred to defendant Deutsche Bank and the loan was serviced by HomEq. On August 22, 2008, plaintiffs signed a loan modification agreement which provided new payment terms. The modification agreement states in part: "Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations and conditions in the Note and the Security

Instrument remain unmodified and in full force and effect without any defense, counterclaim, right or claim of set-off. . . ."

After plaintiffs defaulted on the note, foreclosure proceedings were commenced by advertisement and a Notice of Foreclosure was posted on the property. At the foreclosure sale, MERS submitted a bid and was granted a sheriff's deed. MERS then executed a Quit Claim Deed which was recorded on April 13, 2009. At that time MERS relinquished ownership in the property. Plaintiffs did not redeem the property. It is undisputed that plaintiffs were in default on the mortgage. Plaintiffs argue that MERS had no standing to initiate foreclosure proceedings against plaintiffs.

> Mich. Comp. Laws § 600.3204 states in part[1]:
>
> (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

It is undisputed that a default occurred, no action had commenced to recover the secured debt, the mortgage contained a power of sale which was properly recorded, and the mortgage expressly

---

[1] The statute was amended in 2009, but this portion remained the same.

provided MERS with authority to foreclose as nominee. Plaintiffs request that the court set aside the foreclosure because MERS did not hold the mortgage.

Under Michigan law, a foreclosure should not be set aside without good reason as explained in *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997).

> Michigan courts have long held that statutory foreclosures should not be set aside without very good reason and, thus, have placed the burden of proof upon the party who attempts to impeach them. *Markoff v. Tournier,* 229 Mich. 571, 575, 201 N.W. 888, 889 (1925). The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside. *Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405-06, 273 N.W. 747, 748 (1937); *Calaveras Timber Co. v. Michigan Trust Co.,* 278 Mich. 445, 450, 270 N.W. 743, 745 (1936). Here, the issues raised by defendants with regard to Trustcorp's foreclosure sale do not rise to the level of fraud, irregularity, or exigency to warrant setting aside the sale.

In *Hilmon v. Mortgage Electronic Registration Systems, Inc.*, *et al.*, 2007 WL 1218718 (E.D. Mich. 2007), the plaintiff filed suit to set aside a foreclosure and to cancel the sheriff's deed executed as a result of the sale. The mortgage note indicated that MERS was the mortgagee and had the power to sell the mortgaged property. The mortgage expressly provided that MERS was the nominee for the Lender and Lender's successors and assigns. The loan was serviced by another company. Plaintiff defaulted on the mortgage. Plaintiff, like plaintiffs in this case, claimed that MERS could not foreclose because MERS was not the holder in due course of the note and had no legal right to foreclose on the mortgage. The court noted that Mich. Comp. Laws § 600.3204 did not require that the named mortgagee be a holder in due course of the note. The court stated:

> The mortgage, which Plaintiff executed, specifically identifies MERS as the mortgagee and specifically sets forth that MERS is acting solely as nominee for the lender, AFC.... Furthermore, the mortgage explicitly states that Plaintiff agrees that "MERS (as nominee for

> Lender and Lender's successors and assigns) has the right to exercise any and all of those interests including, but not limited to, the right to foreclose and sell the Property and to take any action required of the Lender...." ( *Id.* at 3). Therefore, Plaintiff, having expressly given to MERS the right to foreclose as nominee for the lender, cannot now contend that MERS did not have the right to institute foreclosure proceedings.

Similarly, MERS had similar rights to foreclose and sell the property as expressly stated in the defaulted mortgage. Plaintiffs argue that this case is distinguishable from *Hilmon* because there was a change in "ownership" and the *Hilmon* case dealt with assignment of a servicing agreement rather than the original mortgage. However, in this case, MERS authority was not changed by any action which occurred after the time of the original mortgage. Plaintiffs clearly and expressly gave MERS the power to foreclose on the defaulted mortgage. That power was never taken away from MERS by any transfer of the mortgage or modification of some of the terms of the mortgage.

In *English v. Flagstar Bank*, 2009 WL 3429674 (E.D. Mich. 2009), the court rejected the claim that MERS improperly foreclosed on the mortgage.

> Plaintiff's argument that MERS did not have the right to initiate foreclosure proceedings is belied by the record. The mortgage contains an express provision giving MERS the authority to foreclose as nominee for Flagstar. In light of this provision, plaintiff cannot claim MERS lacked authority.

Likewise, MERS maintained the power to initiate foreclosure proceedings on the defaulted mortgage as defined expressly in the original mortgage. Plaintiffs have not shown that the foreclosure proceedings were improper and should be set aside. Accordingly,

Defendant's motion for summary judgment will be granted and this case will be dismissed.

                                            /s/ Timothy P. Greeley
                                            TIMOTHY P. GREELEY
Dated:  July 20, 2010                 UNITED STATES MAGISTRATE JUDGE